UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62490-CIV-DIMITROULEAS/SNOW

MARIA ZABALA,

        Plaintiff,

v.

UNITED AIRLINES, INC.,
a foreign corporation,

        Defendant.

_____/

## ORDER ON MOTION FOR SANCTIONS

THIS CAUSE is before the Court on Plaintiff's Motion for Sanctions Against United Airlines and Its Counsel Littler Mendelson for Fraud Upon the Court as to Reasonable Accommodations During Discovery.  (ECF No. 94) This Motion was referred to United States Magistrate Judge Lurana S. Snow by the Honorable William P. Dimitrouleas, United States District Court Judge. (ECF No. 95)

On April 7, 2020, Plaintiff filed her Motion for Sanctions against the Defendant and its counsel.  Plaintiff argues, among other things,  that Defendant and its counsel's actions in failing to meet her prior requests for accommodations for her deposition constitutes extrinsic and intrinsic fraud.  Plaintiff, in her most recent request for accommodations, stated that she needed to communicate at her deposition in writing and use a special mouse that she would supply.  (ECF No. 94 at 3) Plaintiff asserts that Defendant misled the Court regarding Plaintiff's need for accommodations.  The undersigned finds no evidence to support this assertion.  Further, this Court has relied on Plaintiff's own statements regarding her need for accommodations.

While the Plaintiff made frequent requests for accommodations at her deposition, the record evidence shows that, at times, she also indicated she wished to proceed without accommodations. On December 2, 2019, Plaintiff stated to defense counsel with regard to her deposition noticed for December 3, 2019, that she would rather proceed with the deposition and answer questions verbally rather than having the deposition postponed. (ECF No. 35 at 20, 21)   In another email dated the same day, Plaintiff likewise reaffirmed to opposing counsel her ability to conduct her deposition verbally, without accommodations. Id. at 20.  Specifically, Plaintiff stated

> if you are unable to accommodate my needs as requested a week ago, I will answer the questions verbally. So now, there is no issue. I do not want my deposition postponed. I will be at your office tomorrow at 10 am ready to be deposed, if you choose not to do so, then I will leave.

Id.  Further, Plaintiff did not provide any medical affidavit or certification substantiating the need for the requested accommodations.

Nonetheless, as the Court has made clear in prior Orders, in an effort to address Plaintiff's case on the merits, and in light of the importance of completing the properly noticed discovery, the undersigned ordered Defendant to provide Plaintiff with her most recent request for accommodations.  In accordance with this Court's Order, Plaintiff's deposition was conducted on March 24, 2020.  Pursuant to Plaintiff's requests, Plaintiff did not communicate verbally, but rather solely communicated in writing, she used a special mouse, social distancing was maintained and breaks were taken as needed.  After reviewing Plaintiff's deposition transcript, it is clear that Plaintiff's deposition was completed with the accommodations that Plaintiff requested and that this Court ordered.  (ECF No. 84)   Plaintiff affirmed that she was provided the requested accommodations.  (ECF No. 91-3 at 17-19)  The undersigned notes, as reflected above, that these

accommodations were ordered despite no medical affidavit evidencing the need for same and despite

Plaintiff's own admissions indicated above that she is capable of communicating verbally.[1]

Plaintiff seeks $200 in sanctions against Defendant and its counsel.[2]  After careful review,

this Court finds that there is no evidence that Defendant or its counsel perpetrated any extrinsic or

intrinsic fraud, acted in any manner warranting sanctions or violated any ethical rules.

### SUMMARY

Accordingly, having carefully considered the Motion, the Response and Reply thereto, the

court file and applicable law, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Sanctions is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida this 29th day of April, 2020.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of record

Maria Zabala, *pro se*   Via U.S. Mail
3600 Mystic Pointe Dr., Apt. 502
Aventura, FL 33180

---

[1] Despite Plaintiff's asserted need for accommodations, Defendant stated that at Plaintiff's March 24, 2020 deposition she conversed openly with Defendant's counsel and at times answered questions audibly.  ECF No. 102 at 3.

[2] Plaintiff further states she was precluded from taking Defendant's deposition due to the perceived delay of taking her deposition and/or the emotional distress that delay caused.  The undersigned finds this argument lacks merit.  Plaintiff had the ability to conduct any relevant discovery in accordance with the applicable Federal Rules of Civil Procedure.  Instead, Plaintiff affirmatively elected not to depose Defendant's corporate representative.  See ECF No. 56-6.